In re the WICACO MACHINE
CORPORATION, Debtor.

Jonathan H. GANZ, Trustee of The Wicaco Machine Corporation and The Creditors Committee of Wicaco Machine Corporation, Plaintiffs,

v.

Donald F. PALMER, Jr., Donald F. Palmer, III, Dew Realty and Leasing Co., Inc., B.H. Press Corporation and Earle Gear and Machine Company, Defendants.

Bankruptcy No. 82–04534G.
Adv. No. 85–0160G.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 19, 1986.

Joseph A. Dworetzky, Robert J. Hoelscher, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiffs, Jonathan H. Ganz, Trustee of the Wicaco Mach. Corp. and for creditors' committee of Wicaco Mach. Corp.

Alexander N. Rubin, Jr., Robert Lapowsky, Mary Ellen O'Laughlin, Rubin, Quinn & Moss, Philadelphia, Pa., for defendants, Donald F. Palmer, Jr., Donald F. Palmer, III, Dew Realty and Leasing Co., Inc. and BH Press Corp.

Richard D. Malmed, Hepburn, Willcox, Hamilton & Putnam, Philadelphia, Pa., for defendant, Earle Gear and Mach. Co.

Jonathan Ganz, Pincus, Verlin, Hahn & Reich, P.C., Philadelphia, Pa. trustee/plaintiff.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The question for resolution, where the plaintiff has filed suit to set aside the debtor's assignment of its right to purchase realty under an installment sale contract, is whether we should grant the motion for partial summary judgment filed by the defendant/assignee in light of the fact that the prepetition assignment was not recorded although the trustee abandoned its interest in the property. On the basis of the reasons outlined below, we conclude that the motion for summary judgment should be denied.

The facts of this controversy are as follows:[1] The debtor agreed to purchase a parcel of realty in Philadelphia, Pennsylvania, from PIDC Financing Corporation ("PIDC") under an installment sale contract signed in 1978. Four years later, in a transaction not recorded with the county recorder of deeds, the debtor assigned its interest in the contract to DEW Realty and Leasing Co., Inc. ("DEW"). Thereafter the debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). The case was subsequently converted to chapter 7 and a trustee was appointed. Several months later the trustee moved, with the following language, for abandonment of the estate's interest in the installment contract:

> Prior to the filing of the petition in this case, [the debtor] conveyed its equitable interest in real property ... to DEW....

> [DEW] now wishes to convey said property free of any interest that the estate may have in the property.

> The trustee is of the opinion that the estate's interest in the property is negligible and of no value to the creditors.

WHEREFORE the trustee prays for the entry of an order in the form attached abandoning the estate's interest in the real property....

No parties objected to the motion and we signed a proposed order[2] submitted to us, which contained the following operative language:

[It is]

■ ORDERED that the estate's interest in real property located at 4865 Stenton Avenue, Philadelphia, PA is hereby abandoned, and no longer property of the estate or subject to the Automatic Stay, it is further

■ ORDERED [that] this order of abandonment is without prejudice to the rights or claims of the creditors' committee or the trustee regarding the pre-petition disposition of said real property.

Last year the trustee filed a voluminous complaint against DEW and others seeking, under count XX of the complaint, an avoidance of the debtor's assignment of the contract to DEW under the so-called strong arm clause, 11 U.S.C. § 544(a)[3] of the code.

---

1. Under Fed.R.Civ.P. 56, which is applicable through Bankruptcy Rule 7056, summary judgment can be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The U.S. Court of Appeals for the Third Circuit has characterized summary judgment as "a drastic remedy," and has stated "that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties." *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981). "Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. den.,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Nonetheless, in opposing a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(c).

2. The origin of the proposed order is unclear to us. The proposed order submitted by the trustee with his motion is different than the one we ultimately adopted.

3. § 544. Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists:

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to

DEW moved for summary judgment on count XX.

While other questions of law are raised in the parties' briefs, the predominant points are whether DEW needed to record the assignment of the installment sale contract to protect it from attack under § 544(a) and whether the trustee's purported abandonment of the estate's interest in the property precludes relief favorable to the trustee.

It is clear to us that if our order of abandonment contained only the first operative clause but not the second, the trustee could not prevail on count XX. The clarity of this view is vitiated by the presence of the second clause in the order. It is possible that by including that language in the proposed order, which we adopted, the trustee wanted "to have his cake and eat it, too." That is our provisional view, and it weighs heavily against the trustee. Nonetheless, other possible reasons for inclusion of that second clause are plausible, and are not precluded by the current state of the record. As such, summary judgment is inappropriate at this juncture. We reserve for later decision any other questions of law which may flow from our final determination of the meaning of the second clause.

We will accordingly enter an order denying DEW's motion for summary judgment on count XX of the complaint.

be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a). We have reproduced § 544(a) as it stands after clarifying changes made by the Bankruptcy Amendments and Federal Judgeship Act of 1984.